J-A24015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL WHITE | : | |
| | : | |
| Appellant | : | No. 161 EDA 2023 |

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001136-2015

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 23, 2024**

Appellant, Carl White, appeals *pro se* from the January 6, 2023 order of

the Court of Common Pleas of Philadelphia County (PCRA court), which denied

his second petition for collateral relief under the Post Conviction Relief Act, 42

Pa.C.S.A. §§ 9541-46. Upon review, we affirm the order denying relief.

The underlying facts are not at issue in this instant appeal.[1] The PCRA

court summarized the procedural history as follows:

> On February 16, 2016, [Appellant] pled guilty to one count each
> of third-degree murder, carrying a firearm on a public street in
> Philadelphia, carrying a firearm by a prohibited person
> (collectively, the "VUFA" charges), and possessing an instrument
> of crime ("PIC"). That day, [the trial court] imposed an aggregate

---

[1] For further detail, see our decision issued in connection with Appellant's
previous appeal from the denial of PCRA relief. **See Commonwealth v.
White**, No. 3843 EDA 2017, unpublished memorandum (Pa. Super. filed June
6, 2019).

sentence of 30 to 60 years' incarceration. . . . [Appellant] did not file any post sentence [motions] or a direct appeal.

PCRA Court Opinion, 3/30/23, at 1 (citations omitted).

Appellant filed his first PCRA petition on July 19, 2016, which the PCRA court denied on October 20, 2017, after appointment of counsel. We affirmed the PCRA court order on June 6, 2019. **See Commonwealth v. White**, No. 3843 EDA 2017, unpublished memorandum (Pa. Super. filed June 6, 2019).

On February 10, 2020, Appellant, through counsel, filed the underlying PCRA petition, his second.[2] After amending/supplementing the petition twice, the PCRA court denied relief on January 6, 2023, without holding a hearing. The instant appeal followed.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. **Id**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id.** This Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id.** We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011); **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

---

[2] Appellant was counseled throughout the second PCRA proceedings.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[3] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

On appeal, Appellant argues that the claims raised in his PCRA petition are based on "newly discovered evidence" that was not disclosed to the

---

[3] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

defense due to governmental interference and/or in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). ***See*** Appellant's Brief at 7-8. Appellant then proceeds to discuss how his claims met the requirements of the after-discovered evidence ground for PCRA relief, never discussing the timeliness of the underlying petition, despite it being facially untimely.

Appellant commits a fundamental error in not recognizing that the jurisdictional timeliness requirements to assert an after-discovered evidence claim under the PCRA are different from the criteria to succeed on such a claim. Appellant erroneously argues that the underlying petition was timely under subsection 9545(b)(1)(ii) because it met the requirements for after-discovered evidence set forth in Section 9543(a)(2).[4]

> To reiterate, the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim

---

[4] In the underlying PCRA petition, Appellant stated his claims as follows:

> The instant claims are brought pursuant to 42 Pa.C.S.A. §9545(b)(1)(i) and (ii). They are based on 'newly discovered evidence' and evidence not previously disclosed by the Commonwealth due to governmental interference. In order to obtain relief based upon newly discovered evidence, the Petitioner must prove that (1) the evidence could not have been obtained at or prior to when it was through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

PCRA petition, 2/10/20, at 4 (emphasis in original; citations omitted).

is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806, 823 (2004); **see** [**Commonwealth v. Cox**, 146 A.3d 221, 227–28 (Pa. 2016) ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

**Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017).

Thus, in light of the foregoing, before we can entertain whether Appellant meets the requirements for PCRA relief (here, Section 9543(a)(2)(vi)), we must determine whether the underlying petition is timely.

It is undisputed that the underlying petition is facially untimely. The record shows that, on February 16, 2016, Appellant entered a negotiated guilty plea to third-degree murder, two of the VUFA charges, and PIC, for an aggregate term of thirty to sixty years of imprisonment. The trial court accepted the plea and imposed the agreed-upon sentence. Appellant did not file a direct appeal. Appellant's sentence, therefore, for purposes of the PCRA, became final at the expiration of the time to file a direct appeal, *i.e.*, March 17, 2016. 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review).

Thus, a PCRA petition must have been filed by March 17, 2017, to be considered timely. *See* 42 Pa.C.S.A. § 9545(b)(1). The underlying petition was filed on February 10, 2020, almost 3 years after the expiration of the time period for filing a timely PCRA petition.

As noted above, a petitioner can overcome the one-year time bar if he/she pleads and proves, by a preponderance of the evidence, that one of the three exceptions was met. Failure to plead and prove the applicability of one of the exceptions precludes us from entertaining the merits of the petition, and results in a denial of PCRA relief.

While Appellant engaged in an extensive analysis of the merits of the claim in his PCRA petition and appellate brief, he failed initially to allege and prove that his facially untimely PCRA petition met one of the time-bar exceptions. Specifically, Appellant failed to allege, nonetheless establish, that the proffered after-discovered evidence was unknown to him and could not have been ascertained by the exercise of due diligence. *See*, *e.g.*, *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015) (appellant's reliance on Section 9543 as a basis for asserting an after-discovered evidence claim under the PCRA did not suspend appellant's initial obligation to establish jurisdiction by alleging and proving (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts, under 42 Pa.C.S.A. § 9545(b)(1)(ii)); *see also Burton*, 158 A.3d at 629 (and cases cited therein). In proceeding to a merits analysis, it appears

both the Commonwealth[5] and the PCRA court[6] likewise erroneously assumed or accepted that the petition met the jurisdictional timeliness requirements under the PCRA.

Consequently, as the present petition is facially untimely and Appellant failed to plead and prove any exception to the timeliness requirements of the PCRA, the PCRA court lacked jurisdiction to entertain the merits of the petition. *See*, *e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999). Because neither the PCRA court nor this Court has jurisdiction to consider the merits of claims raised in this untimely PCRA petition, the petition must be dismissed.

---

[5] In its brief, the Commonwealth states that it agrees the affidavit by Dennis Perkins satisfies the newly discovered facts exception to the PCRA's time provisions. Commonwealth Brief at p. 2. This statement is made without any discussion of when Appellant discovered this evidence and whether it was discovered through due diligence. Like Appellant, the Commonwealth errs in omitting timeliness first before a merits analysis of newly-discovered evidence.

[6] In a footnote to its Rule 1925(a) opinion, the PCRA court stated: "While the [underlying PCRA petition] was untimely filed, the parties agreed that the newly discovered fact exception to the PCRA's time-bar was applicable to all of [Appellant]'s claims, and therefore, the [PCRA court] had jurisdiction to address them." PCRA Court Opinion, 3/30/23, at 3, n.1. To the contrary, "[i]n the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement, or neglect." *Commonwealth v. Powell*, 2021 WL 4787099, unpublished memorandum, at *4 (Pa. Super October 14, 2021) (citing *Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000)). The PCRA court first had to establish jurisdiction before proceeding to a merits analysis of the proffered after-discovered evidence, despite an apparent agreement between the parties.

Even if we were to address the merits of Appellant's after-discovered evidence claims, we would find them to be without merit. Despite its procedural flaw, the PCRA court, in a thorough and well-reasoned opinion, properly found and concluded that Appellant's second petition was without merit. Accordingly, were we to proceed to a merits analysis we would affirm on the basis of the PCRA's opinion. We therefore direct that a copy of that opinion be attached to this memorandum and to all future pleadings that reference this memorandum.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024